DECISION
This matter came to be heard on the Civil Motion Calendar of June 10, 1996, on plaintiff's motion for partial summary judgment with respect to Count One of plaintiff's complaint.
Basically, Count One alleges that on or about June 26, 1989, defendant, in exchange for a loan of $25,000, executed a promissory note in plaintiff's favor. Said promissory note provided, inter alia, that defendant would repay said $25,000 loan by paying plaintiff on November 30, 1989, approximately five (5) months after the date of the loan, the sum of $30,000, and thereafter would pay an additional $10,000 together with interest at the rate of 12 percent per annum over a one (1) year period. (Annexed to and forming a part of the complaint is a copy of said promissory note).
Defendant's answer, as filed in this matter with respect to Count One, only can be described as a denial of essentially all of the pertinent provisions of Count One.
Recently plaintiff moved for partial summary judgment pursuant to the provisions of R.C.P. 56(c). That motion was accompanied by plaintiff's memorandum in support and by certain factual affidavits. Defendant responded to the motion for summary judgment with a simple objection unaccompanied by either memoranda or counter affidavits. (It should be noted that counsel for the defendant also has filed a motion to withdraw).
Upon reviewing the papers, the Court inescapably was drawn to the conclusion that the note, as written (and as sought to be enforced in the instant proceeding), is violative of the provisions of § 6-26-2 through § 6-26-4 of the General Laws of Rhode Island 1956 (1992 Reenactment) our State's usury law.
During oral argument plaintiff correctly called to the Court's attention the fact that defendant had failed to plead usury (illegality) as an affirmative defense as required by our R.C.P. 8(c).
It is clear that a summary judgment sought should be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file together with affidavits show that there is no genuine issue as to any material fact (clearly, in the case at bar there is no disputed fact) and also demonstrate that the moving party is entitled to judgment as a matter of law. (R.C.P. 56(c)). The question before the Court in this matter is "Is plaintiff entitled to judgment as a matter of law?" It is clear that a strong public policy against usurious transactions is clearly manifested in the Rhode Island statutes referred to above. See DeFusco v. Giorgio, 440 A.2d 727, at 732 (R.I. 1982). This Court believes and holds that absent a showing of a freely and knowingly made, after reasoned reflection, waiver of the defense of usury, which is totally absent in this matter, that it has not only a right but a duty to enforce that strong public policy. Accordingly, plaintiff's motion for partial summary judgment is denied.
This Court recognizes that our judicial system is, to a great extent, based upon the adversary system. Here, the Court, sua sponte, has raised the issue of usury and believes it is compelled so to do because of the policy reason referred to above.
Defense counsel's motion to withdraw is denied until such time as substitute counsel enters his or her appearance.
Defense counsel is ordered to prepare and submit to the Court an appropriate Order.